## ELLINWOOD *v.* STANCLIFF.

*(Circuit Court, S. D. California. April 28, 1890.)*

1. LOCATING PATENT—SURVEYS.
   On a question as to the true location of a patent, boundaries fixed by reversing the courses and distances must govern when found to coincide with the natural calls of the patent.
2. SAME.
   When the points fixed by reversing the courses and distances do not coincide with the natural calls of the patent, or the natural calls cannot be identified, then the regular courses and distances must govern.

At Law. Action to recover land.

*Wells, Guthrie & Lee,* for plaintiff.

*R. Dunnigan,* for defendant.

Ross, J., (*charging jury.*) The documentary evidence in the case shows the title to the land in controversy to have been in the plaintiff at the time of the commencement of this action, if the land is embraced within the boundaries of the Rancho Tejunga, as described in the patent for that rancho issued by the government of the United States. The patent was issued October 19, 1874, and the survey embodied in it was made in the year 1858. The survey is therefore an old one, and it will not be surprising if the evidence shows that some or all of the stakes placed by the surveyor who made the government survey have disappeared, or that some or all of the trees called for in the description contained in the patent have been cut down or destroyed. The facts of the case are for you to determine, and of the credibility of each and every witness you are the sole and exclusive judges. There are certain facts, however, about which there is no dispute between the parties. One is that the defendant was at the time of the commencement of this action, and still is, in possession of that portion of the land sued for which lies between the line claimed by the plaintiff to be the true northerly boundary of the rancho, and which is represented on the plaintiff's maps by the black line, and on the defendant's maps by the red line, and the line claimed by the defendant to be the true northerly boundary of the rancho, and which is represented on the plaintiff's maps by the red line, and on the defendant's maps by the black line. So that if you find the true location of the northerly boundary of the rancho to be as claimed by the plaintiff, your verdict should be for the plaintiff; but if you find its true location to be as claimed by the defendant, your verdict should be for the defendant. The real question for determination, therefore, is, what is the correct location of the northerly boundary of the rancho? That there is an error somewhere in the description of the rancho, as embodied in the patent, is a conceded fact in the case. To solve the difficulty, the entire description in the patent must be taken, and the identity of the land thereby conveyed ascertained, by a reasonable construction of the language used, together with the plat of the survey annexed to the patent, and forming a part of it. That plat should be referred to and

considered in connection with the notes of the survey, for it forms an important part of the patent. The object in cases of this kind is to ascertain the intent of the parties to the instrument. The rule by which to find the intent is to give most effect to those things about which a mistake is least likely to have occurred. On this principle, the things usually called for in a grant—that is, the things by which the land granted is described—are thus marshalled: *First.* The highest regard is had to natural boundaries. *Secondly.* To lines actually run, and corners actually marked, at the time of the grant. *Thirdly.* If the lines and courses of an adjoining tract are called for, the lines will be extended to them, if they are sufficiently established, and no other departure from the deed is thereby required; marked lines prevailing over those that are not marked. *Fourthly.* To courses and distances, giving preference to the one or the other, according to circumstances. In cases like the present one, where the description is ambiguous and doubtful, parol evidence of the practical construction given by the parties by acts of occupancy, recognition of monuments or boundaries, is admissible, and is to be considered in aid of the interpretation of the instrument. The identity of the natural calls of the patent is for you to determine, and this you must do from all of the evidence in the case. If the evidence satisfies you of their true location, and you find that by taking one of the natural calls, as to the correct location of which you are satisfied, and from there reversing the courses and distances given in the patent, the line of the rancho would answer all of the natural calls of the patent back to station 2 of the survey, then, and in that case, I instruct you that such line should be adopted, and the line should be closed by running a straight line from such station 2 to the acknowledged point of beginning of the rancho, which is station 3 of the adjoining Rancho ex-Mission San Fernando. In that case, your verdict should be for the plaintiff. If, however, such line so run by the reversed courses and distances would not answer the natural calls of the patent, or if from the evidence you are unable to correctly locate the natural calls, then, and in that case, you are instructed that the courses and distances given in the patent must govern, and in that event your verdict must be for the defendant.